IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAYCIN LYNAE STILLWAGON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1027 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TROOPER WILLIAM SEGELEON, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' Motion to Dismiss (Doc. 19) will be granted as outlined below.

Plaintiff has brought this civil rights case, *pro se*, against the Defendant state-troopers, and the Pennsylvania State Police, based on an incident on November 14, 2019. Plaintiff claims that she was subjected to excessive force, and Defendants do not seek dismissal of Count 5 (excessive force), Count 6 (4th Amendment) and Count 10 (failure of other officers to intervene regarding the use of excessive force). *Compare generally* Am. Compl. (Doc. 14) *with* Defs.' Br. (Doc. 20). Rather, in an attempt to "separate the wheat from the chaff," Defendants seek dismissal of those Counts in Plaintiff's pleadings that suffer obvious legal deficiency.

The Court agrees with Defendants that Count 1, alleging *Monell* liability, should be dismissed. The State Police, and the officers in their official capacities, are immune under the 11th Amendment. Akl v. Pa. State Police, 2016 WL 5341744, *3 (E.D. Pa. Sept. 23, 2016) (collecting cases). Defendant Trooper Barney is not alleged to be a decision-maker, for the purposes of *Monell* liability, and the claim against him fails as well. The remaining individuals referenced in Count 1 are not parties to this lawsuit. Count 1 is subject to dismissal.

Counts 2 and 3 purportedly are stated against District Attorney Richard Bower, who is not a party to this lawsuit. Those Counts, thus, are subject to dismissal; as are the purported claims against Defendant Trooper Hegyes. *See* Am. Compl. (stating no substantive allegations against Trooper Hegyes, other than identifying him as a Defendant).

Count 4, alleging 1st Amendment retaliation, fails because Plaintiff has not made plausible allegations that the Defendant-Troopers were aware of her prior complaints/reports of misconduct against other troopers. This Count, too, will be dismissed.

Count 7, under the 9th Amendment, fails because said Amendment does not independently provide a source of individual constitutional rights. Perry v. Lackawanna County Children & Youth Servs., 345 Fed. Appx. 723, 726 (3d Cir. Sept. 18, 2009).

Plaintiff's state law claims, in Counts 8, 9 and 13, are barred under Pennsylvania's Sovereign Immunity Act. *See* legal authority cited in Defs.' Br. (Doc. 20) at 9-10. Plaintiff, moreover, has not stated plausible allegations to conclude that the Defendant-Troopers acted outside the scope of their employment, as relates to the incident in question.

Finally, Counts 11 and 12, purporting to state substantive due process claims against Trooper Segeleon, likewise fail. As defense counsel correctly observes, the conduct regarding which Plaintiff presumably complains is subsumed in her excessive-force and 4th Amendment claims. *See* Defs.' Br. (Doc. 20) at 11-12, and legal authority cited therein. There is no basis, or benefit, to reasserting such claims under the "catchall" rubric of substantive due process.

In sum, Defendants have demonstrated their entitlement to dismissal of all of Plaintiff's claims, except for those stated in Counts 5, 6 and 10. That being said, the Court hereby sets a deadline of **June 28, 2021** for Plaintiff, should she choose, to file a second amended complaint **limited to those claims – identified below – as having been dismissed "without prejudice."**

Certain of the dismissals outlined above cannot be cured by amendment, and thus are dismissed "with prejudice," and no amendment will be permitted. While the Court questions whether *any* of the dismissed claims would survive another motion to dismiss, and does wonder whether additional amendment would prove a good use of anyone's time – Plaintiff's, Defendants' or the Court's − the Court affords Plaintiff one last opportunity to perfect those specific claims out of an abundance of caution.

Should Plaintiff choose to file a second amended complaint as to those claims that are dismissed "without prejudice" − and having already once amended her pleadings − she must make last, best efforts to state viable claims, because the Court will not afford further opportunity for amendment. *See generally* Taylor v. Pilewski, 2008 WL 4861446, *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed); Houser v. Donahoe, 2013 WL 6838699, at *6 (W.D. Pa. Dec. 27, 2013) (dismissing claims without leave to amend, because "[it] would be inequitable to require [the d]efendant, who already once ha[d] exhaustively and successfully defended [the p]laintiff's grievances, to respond to a continuous stream of formal and informal attempted amendments"), *aff'd sub nom.* Houser v. Postmaster General, 573 Fed. Appx. 141, 142 (3d Cir. Jul. 28, 2014).

Should Plaintiff not timely file a second amended complaint (or should she file with the Clerk's Office a notice of intention not to amend), this case will move forward on Plaintiff's claims in Counts 5, 6 and 10 of her lawsuit.

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 19**) is **GRANTED**. Count 1 is dismissed with prejudice, as to the Pennsylvania State Police and Trooper Barney; the Counts/claims against DA Bower and Trooper Hegyes are dismissed without prejudice;

Count 4 is dismissed without prejudice; and Counts 7, 8, 9, 11, 12 & 13 are dismissed with prejudice.

      IT IS SO ORDERED.[1]

June 9, 2021                                s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via First-Class U.S. Mail):

Jaycin Lynae Stillwagon
705 Isabella Road
Connellsville, PA  15245

cc (via ECF email notification):

All Counsel of Record

---

[1] Although not the subject of a pending motion, the Court cannot provide guidance in response to Plaintiff's request in Doc. 28 ("Judicial Notice Prayer of Petition Wherefore Clause"). The undersigned cannot offer legal advice to a litigant, *pro se* or otherwise.  If Plaintiff has information or concerns regarding a pending state-court criminal proceeding, she remains free to take those matters up with her counsel in state court, or the state-entities involved in that process.  Under the circumstances presented, this Court lacks authority to intervene.