**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAYCIN LYNAE STILLWAGON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1027 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TROOPER WILLIAM SEGELEON, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Defendants' renewed Motion to Dismiss (Doc. 35) will be granted, and all claims except those asserted in Counts 5, 6 and 10 of the Amended Complaint[1] will be dismissed with prejudice.

As their filings make clear, the parties are familiar with the Court's prior rulings (*see* Doc. 30). Plaintiff has attempted, through amendment, to cure deficiencies in Count 2 ("Supervisory Liability" under Section 1983, against District Attorney Bower), Count 3 (Equal Protection, against DA Bower) and Count 4 (First Amendment retaliation, against the State Police).

Most of the amendments focus on DA Bower, who is claimed to have harbored animosity against Plaintiff based on prior incidents. DA Bower is not alleged, however, to have had any connection with the incident of alleged excessive-force on November 14, 2019. Nor could Plaintiff plausibly claim so. *See generally* Am. Compl. (Doc. 14) at ¶ 19 (describing exigent circumstances resulting in police presence on the date of the incident, none of which involved

---

[1] Doc. 14, as further amended in Doc. 32.

DA Bower).  The pleadings contain no description of subsequent conduct by DA Bower regarding the November 14th incident, including (but not limited to) the DA's decision whether to pursue criminal charges against Plaintiff.  Under the circumstances, neither defense counsel nor the Court can analyze obvious immunity defenses potentially available to DA Bower; nor can it be discerned whether any putative claim(s) are barred or premature under *Heck v. Humphrey*.

While the Court is required to view *pro se* pleadings with leniency, this duty does not properly extend to acting as Plaintiff's legal counsel.  Stringer v. Henderson, 2022 WL 205733, *1 (W.D. Pa. Jan. 24, 2022) (pro se litigants "do not have a right to . . . legal advice from judges," but rather "must be treated the same as any other litigant") (citation to quoted, binding legal authority omitted).  It is neither required, nor appropriate, for the Court to scour state court records to see whether Plaintiff may, or may not, assert a legally cognizable theory against DA Bower.

The Court already advised Plaintiff of the deficiencies regarding her claims against this putative Defendant, and afforded her an opportunity to cure said deficiencies.  Plaintiff has failed to do so, and dismissal of the Counts against DA Bower now is with prejudice.

Count 4, alleging First Amendment retaliation, meets the same fate.  Again, Plaintiff has alleged no plausible facts supporting the contention that her alleged subjection to excessive force on November 14, 2019 was the result of prior complaints, as to other incidents, involving other members of the State Police.  While the Court understands, and does not doubt the sincerity of, Plaintiff's belief that there is a connection between alleged incidents of mistreatment dating back several years – it is her job, not the Court's, to identify plausible connections supporting legally-recognized claims.

In the end, Plaintiff has attempted in this case to cast too-wide a net.  As Plaintiff herself highlights, the action involves an incident of alleged excessive force on November 14, 2019. *See* Doc. 40 at pgs. 5-6 ("Regardless of how the Defendants attempt to 'justify' the actions of November 14[th], the fact remains that Plaintiff was assaulted, and injured, by the use of unjustified, excessive force at the hands of *Trooper Segeleon*, and no other trooper *on scene* tried in anyway to [intervene].") (emphasis added).  Whether other incidents may have been actionable, now or at some point previously, is not before the Court.

Now properly focused, the case may proceed.  Defendants have not sought dismissal of Counts 5, 6 and 10.  The only Defendants named in those Counts are Trooper Segeleon (Counts 5 and 6, for excessive force and unreasonable seizure) and Trooper Barney (Count 10, for failure to intervene).  All remaining Counts, and the Defendants named in connection therewith, will be dismissed with prejudice.

In light of Plaintiff's *pro se* status, the Court briefly will describe what will happen next. The remaining Defendants, Segeleon and Barney, are provided a period of time, under Federal Rule of Civil Procedure 12(a)(4),[2] to file an "answer" to the Amended Complaint.[3]  Once that has happened, and as appropriate, the Court will enter additional order(s) explaining what will be expected of Plaintiff, and Defendants, moving forward.

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 35**) is **GRANTED**.

---

[2] *See* Gruber v. Tennessee Bd. Tr., 2022 WL 256295, *1 (M.D. Tenn. Jan. 26, 2022) (endorsing views consistent with the conclusion that Rule 12(a)(4) governs under the present circumstances).

[3] Technically, Defendants will be answering the second Amended Complaint.  Doc. 32. The Court joins defense counsel in reading the allegations of the two amended Complaints conjunctively, as if Counts 5, 6 and 10 (in Doc. 14) have been restated in Doc. 32.

IT IS SO ORDERED.


March 21, 2022                                s/Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge


cc (via First-Class U.S. Mail):

Jaycin Lynae Stillwagon
705 Isabella Road
Connellsville, PA  15245


cc (via ECF email notification):

All Counsel of Record